IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TIMOTHY L. CRUST and MARGARET M. CRUST, | ) ) | CIVIL ACTION NO. 3:14-252 |
| --- | --- | --- |
| Plaintiffs, | ) ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| FLAGSTAR BANK, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

**I. Introduction**

Presently before this Court is Defendant's Motion to Dismiss for Failure to State a Claim. (ECF No. 8). Defendant moves to dismiss with prejudice Count II of Plaintiffs' Complaint and to strike with prejudice Plaintiffs' requests for punitive damages and attorney's fees in Count I of the Complaint. (*Id.*). For the reasons that follow, the Court will grant Defendant's motion to dismiss.

**II. Jurisdiction**

The Court has jurisdiction over all of the parties' claims pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. This case was originally filed in the Blair County Court of Common Pleas, but was removed to this Court pursuant to 28 U.S.C. § 1441(b).

1

### III. Factual background

Plaintiffs, Timothy L. Crust and Margaret M. Crust, purchased certain real estate property situated in Tyrone Township, Blair County, Pennsylvania, known and numbered as 2195 Kettle Road, Altoona, Blair County, Pennsylvania, 16601. (ECF No. 1-2 at ¶ 3). The property was purchased pursuant to a deed dated August 3, 2011, which was recorded at Blair County Instrument Number 201115142. (*Id.*, citing Ex. 4).

Plaintiffs entered into a mortgage agreement with Defendant, Flagstar Bank, in connection with the purchase of the property. (*Id.* at ¶ 4, citing Ex. B). The mortgage agreement was dated August 24, 2011. (*Id.*). Closing in connection with the mortgage was held on August 24, 2011. (*Id.* at ¶ 5). Plaintiffs executed a Promissory Note dated August 24, 2011 in connection with the mortgage loan, which more fully spelled out the terms of the agreement and/or repayment between the parties. (*Id.* at ¶ 6). Monies were collected on behalf of Flagstar Bank in connection with the escrow account to be maintained on behalf of Plaintiffs, which included a deposit as per line 1002 of the HUD-1 Settlement Statement for five months of the Hazard Insurance Policy which the Crusts maintained through Travelers at a cost of $57.00 per month. (*Id.* at ¶ 7).

Plaintiffs allege that despite collecting monies for payment of the Travelers Insurance Policy in connection with the monthly payments on the mortgage due and owing from Crust to Flagstar, Flagstar failed and/or refused to properly remit payment for the Travelers Insurance Policy and that the Travelers Insurance Policy subsequently canceled said policy. (*Id.* at ¶ 8). Plaintiffs also allege that the monthly payment to

Travelers had initially been deducted directly from their ARC Federal Credit Union account, but had been discontinued due to the fact that Defendant was collecting the monthly payment and was charged with remitting the monthly payment for necessary insurance. (*Id.* at ¶ 9).

Plaintiffs state that they were notified of a problem with the insurance in December 2011, but Travelers failed to correct the problem. (*Id.* at ¶ 10). Plaintiffs claim that Defendant Flagstar failed and/or refused to pay Travelers Insurance and they received notice from Travelers dated February 17, 2012 indicating that their insurance would be canceled effective March 28, 2012. (*Id.* at ¶ 11). Plaintiffs allege that they contacted Flagstar and were advised that there would be no problem. (*Id.*). By letter dated May 9, 2012, Flagstar Bank advised Plaintiffs that it had placed insurance on the property and demanded an immediate insurance payment of $2,037.39. (*Id.*).

Plaintiffs state that they never missed their monthly payment of $424.02 in connection with their mortgage, though Flagstar Bank began refusing payments and sending back checks to Plaintiffs in or about August 2013. (*Id.* at ¶ 14). Plaintiffs further allege that Flagstar again began to accept and cash payments during the period of December 2013 through July 2013. (*Id.* at ¶ 15). In August 2014 Flagstar again began returning payments uncashed. (*Id.*) Flagstar Bank instituted mortgage foreclosure proceedings to number 2014 GN 2582 in the Court of Common Pleas of Blair County, Pennsylvania. (*Id.* at ¶ 17).

**IV. Legal Standard**

A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). A party may ask that a complaint or portion of a complaint be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

In determining the sufficiency of the complaint, a district court must conduct a two-part analysis. First, the court should separate the factual and legal elements of a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Threadbare recitals of the cause of action do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, the court must determine whether the factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). The complaint need not include "detailed factual allegations." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id.* at 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir.2002)). A complaint must present sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

(*Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 678)).

In determining whether a plaintiff has shown a "plausible claim for relief" the Court must conduct a "context specific" inquiry that requires it to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document *integral to or explicitly relied* upon in the complaint." *U.S. Express Lines, Ltd. v. Higgins,* 281 F.3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997)).

If a complaint is vulnerable to dismissal under Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips,* 515 F.3d at 236; *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("[L]eave to amend generally must be granted unless the amendment would not cure the deficiency.")).

## V. Discussion

### a. Plaintiffs' Claims

Plaintiffs claim that as a result of Flagstar Bank's improperly reporting Plaintiffs as delinquent, their credit rating has been severely damaged. (ECF No. 1-2 at ¶ 18). Plaintiffs further allege that due to Defendant's refusal to comply with their agreement and to properly remit escrowed monies for the homeowners insurance, Mrs. Crust began having health problems and began missing work as a result of those health problems. (*Id.* at ¶ 19). Plaintiffs aver that Flagstar Bank knew or should have known that its actions in

5

improperly handling the Crust mortgage funds, improperly rejecting monthly payments and subsequently reporting adverse credit information would have a deleterious effect on Plaintiffs. (*Id.* at ¶ 20). They claim that Flagstar Bank engaged in willful, reckless, wanton and/or intentional conduct by failing to address the problems with the insurance policy. (*Id.* at ¶ 22). Plaintiffs ask for compensatory and punitive damages for Defendant's alleged failure to properly administer the mortgage loan which was entered into with Mr. and Mrs. Crust. (*Id.* at ¶ 23). Plaintiffs also request a refund of all fees, costs, and charges assessed against them in connection with the outstanding mortgage loan, as well as counsel fees incurred in connection with this action. (*Id.*).

Plaintiffs also bring a claim for intentional and/or negligent infliction of severe emotional distress. (*Id.* at ¶ 27). They claim that as a result of Flagstar's actions, Mrs. Crust has been forced to expend sums for medical treatment and seek medical treatment due to the adverse effects that Flagstar's actions have caused to her health. (*Id.* at ¶ 26). Plaintiffs claim that Flagstar Bank knew or should have known that said actions would have a deleterious effect upon the health of Plaintiffs. (*Id.* at ¶ 27).

### b. Defendant's argument

Defendant's Motion to Dismiss asserts that the Complaint fails to sufficiently identify any "extreme and outrageous" conduct by Flagstar Bank which would support a claim for intentional infliction of emotional distress. (ECF No. 9 at 1). Defendant also argues that Plaintiffs' negligent infliction of emotional distress claim fails because this case does not involve any of the narrow factual scenarios that may give rise to such a

claim. (*Id.*). Finally, Defendant asserts that Plaintiffs' requests for punitive damages and attorney's fees in their breach of contract claim are improper, because punitive damages are not permitted in connection with a breach of contract action. (*Id*. at 2).

### c. Count II of Plaintiffs' Complaint

In order to properly plead an intentional infliction of emotional distress claim under Pennsylvania law, a plaintiff must allege the following: (1) the defendant's conduct was intentional or reckless; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused emotional distress; and (4) the resultant emotional distress was severe. *Ruder v. Pequea Valley School Dist.*, 790 F. Supp. 2d 377, 397 (E.D. Pa. 2011). A resultant physical harm must also be alleged. *Wilson v. Am. Gen. Fin. Inc.*, 807 F. Supp. 2d 291, 303 (W.D. Pa. 2011) (citing *Fewell v. Besner,* 664 A.2d 577, 582 (Pa. Super. Ct. 1995)).

Extreme and outrageous conduct is conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. *Robinson v. May Dep't Stores Co.*, 246 F. Supp. 2d 440, 444 (E.D. Pa. 2003) (quoting *Atamian v. Assadzadeh*, Civ. A. No. 00-3182, 2002 WL 538977 (E.D. Pa. April 9, 2002)).

Plaintiffs have failed to plead facts that rise to the level of extreme and outrageous conduct required to satisfy an intentional infliction of emotional distress claim. Plaintiffs have not established that Flagstar's conduct was intentional or reckless. Plaintiffs alleged in their Complaint that Flagstar had improperly applied payments, forcefully placed

7

insurance on the property, and had filed a mortgage foreclosure action when Plaintiffs were not in default. (ECF No. 1-2 at ¶¶ 10, 11, 15, 21). The Court finds that such conduct is insufficient to substantiate an intentional infliction of emotional distress claim. In *Wilson v. American General Finance, Inc.*, 807 F. Supp. 2d 291 (W.D. Pa. 2011), a lender's conduct of making allegedly defamatory statements that plaintiff's accounts were past due was held "not [to] rise to the level of being shocking and so outrageous that it exceeds the level of decency tolerated by a civilized society." *Id.* at 303. Courts in the Eastern District of Pennsylvania have suggested that unjustified foreclosure of a residential property might, in egregious circumstances, support a claim for intentional infliction of emotional distress, though they have yet to find circumstances that meet the outrageous conduct requirement. *See Messer v. First Fin. Fed. Credit Union of Maryland*, 2012 WL 3104604, at *3, n.27 (E.D. Pa. July 30, 2012). The Court finds here that Defendant's conduct is not of a sufficiently extreme or outrageous nature as to substantiate such a claim.

Plaintiffs also assert a claim for negligent infliction of emotional distress. In order to recover for negligent infliction of emotional distress, a plaintiff must prove at least one of the following four elements: (1) that the Defendant had a contractual or fiduciary duty toward him; (2) that Plaintiff suffered a physical impact; (3) that Plaintiff was in a "zone of danger" and at risk of an immediate physical injury; or (4) that Plaintiff had a contemporaneous perception of tortious injury to a close relative. *Wilder v. United States*, 230 F. Supp. 2d 648, 654 (E.D. Pa. 2002), citing *Doe v. Philadelphia Community Health Alternatives AIDS Task Force*, 745 A.2d 25, 27 (Pa. Super. Ct. 2000).

Plaintiffs have failed to allege that Mrs. Crust suffered any physical impact, was in a "zone of danger," or had a contemporaneous perception of tortious injury to a close relative. Regarding the first category, namely cases involving a contractual or fiduciary relationship, the Pennsylvania Supreme Court held it prudent to limit negligent infliction of emotional distress claims to "preexisting relationships involving duties that obviously and objectively hold the potential of deep emotional harm in the event of breach." *Toney v. Chester Cnty. Hosp.*, 36 A.3d 83, 95 (2011). Plaintiffs have not alleged that the relationship between Flagstar and Mrs. Crust was such that there was a potential of deep emotional harm in the event of breach. Thus, Plaintiffs have failed to establish a claim for negligent infliction of emotional distress under any of the above categories. The Court finds that the relationship between the parties merely amounted to an arm's length transaction.

Plaintiffs have failed to plead sufficient facts to substantiate their claims for intentional or negligent infliction of emotional distress. Defendant's motion to dismiss is therefore granted.

### d. Plaintiffs' Requests for Punitive Damages and Attorney's Fees

Plaintiffs' claim for breach of contract includes demands for the recovery of punitive damages and attorney's fees. Under Pennsylvania law, punitive damages are not recoverable in an action solely based upon breach of contract. *Hearbest, Inc. v. Adecco USA*, 2013 WL 4786232, at *3 (W.D. Pa. 2013) (citing *McShea v. City of Phila.*, 995 A.2d 334, 340 n.

5 (Pa. 2010)). Since Plaintiffs' claim is based on a breach of contract, their demand for punitive damages fails as a matter of law.

Plaintiffs also assert a claim for attorney's fees. The general rule in Pennsylvania is that each side is responsible for the payment of its own costs and counsel fees absent bad faith or vexatious conduct. *Lucchino v. Com.*, 809 A.2d 264, 267 (2002) (citing *Tunison v. Commonwealth*, 31 A.2d 521, 523 (1943)). This so-called American Rule holds true "unless there is express statutory authorization, a clear agreement of the parties or some other established exception." *McMullen v. Kutz*, 985 A.2d 769, 775 (2009) (quoting *Mosaica Academy Charter School v. Com. Dept. of Educ.*, 572 Pa. 191, 813 A.2d 813, 822 (2002)). Plaintiffs have not identified any basis for the recovery of attorneys' fees in connection with their breach of contract claim. Thus, their claim for attorney's fees also fails as a matter of law.

Defendant's motion to dismiss with regard to Plaintiffs' claim for punitive damages and attorney's fees is hereby granted.

### e. Plaintiffs' Response to Defendant's Motion to Dismiss

Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss requests leave to amend the Complaint in order to assert violations of the Real Estate Settlement Procedures Act ("RESPA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). (ECF No. 15 at 5). Plaintiffs allege that the additional statutory claims are appropriate and clearly relate to the claim already stated and unchallenged by Defendant. (*Id.* at 8).

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the court "should freely give leave [to amend] when justice so requires." "[A] district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mut. Ins. Co.,* 352 F.3d 107, 116 (3d Cir. 2003), *as amended* (Jan. 20, 2004) (citing *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002)).

The Court finds no reason to deny leave to amend in this case. Plaintiffs shall be given an opportunity to amend their Complaint in order to include the above-referenced statutory claims.

## VI. Conclusion

For the foregoing reasons, the Court finds that Plaintiffs have failed to plead sufficient facts to establish a claim for intentional or negligent infliction of emotional distress. The Court also finds that Plaintiffs' claims for punitive damages and attorney's fees based on their breach of contract claim fail as a matter of law. Plaintiffs are given twenty-one (21) days to amend their Complaint in order to address the deficiencies outlined above.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY L. CRUST and MARGARET M. CRUST, | ) ) | CIVIL ACTION NO. 3:14-252 |
| Plaintiffs, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| FLAGSTAR BANK, | ) ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 12th day of August, 2015, upon consideration of Defendant's motion to dismiss (ECF No. 8), and Plaintiffs' response thereto, it is **HEREBY ORDERED** that the motion is **GRANTED**. Plaintiffs are granted twenty-one (21) days from the date of entry of this Order to amend their complaint.

BY THE COURT:

/s/ Kim R. Gibson

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE